■ In the Matter of RICHARD R. ANDERSON, Appellant, v NEW YORK STATE WORKERS' COMPENSATION BOARD et al., Respondents. [757 NYS2d 392] —Kane, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), entered February 20, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Workers' Compensation Board terminating his employment.

On April 13, 2001, while the Chair of respondent Workers' Compensation Board was out of state on vacation, he received a phone call from respondent Peter J. Molinaro, the Board's general counsel. During that conversation, the Chair directed Molinaro to immediately terminate petitioner's employment. Molinaro complied. Petitioner commenced this proceeding, contesting his termination. Supreme Court dismissed the petition, resulting in this appeal.

The Board's Chair is the officer empowered to appoint and remove Board employees (see Workers' Compensation Law § 149). Although the Chair issued an order of delegation, pursuant to Workers' Compensation Law § 152, permitting others to perform some of his duties in certain circumstances, such order did not divest him of authority if he was able to perform those duties himself. Here, when provided with important information by telephone, the Chair decided to terminate petitioner. His request that Molinaro inform petitioner of the termination did not alter that decision's origination. Accordingly, Supreme Court properly dismissed the petition.

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.